# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALTON SEA VENTURE, INC., a California corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>ROBERT RAMSEY, an individual; FIRST AMERICAN PETROLEUM, an unknown business entity; and DOES 1 through 30, inclusive,<br><br>    Defendants. | CASE NO. 11cv1968 - IEG (WMC)<br><br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION**<br><br>[Doc. No. 1-6] |

Presently before the Court is Plaintiff Salton Sea Venture, Inc. ("SSV")'s motion for a preliminary injunction. [Doc. No. 1-6.] For the reasons below, the Court **DENIES** Plaintiff's motion for a preliminary injunction.

## BACKGROUND

Plaintiff Salton Sea Venture, Inc. is the owner and operator of a fuel station and convenience stores known as the "ARCO Travel Center" located in Salton City, California. [Doc. No. 1-3, Compl. ¶¶ 1, 6-7.] Plaintiff's travel center is located six miles from the "Red Earth Travel Center." [Id. ¶ 8.] Plaintiff alleges that the Defendants Robert Ramsey and First American Petroleum through their actions at the Red Earth Travel Center have violated state law by (1) selling fuel at a price below its cost; (2) failing to charge patrons taxes; (3) selling fuel that does not meet California's minimum standards for reformulated gas; (4) failing to register with the

1  Secretary of State; (5) selling fuel at an anti-competitive price in order to put Plaintiff out of
2  business; and (6) selling fuel at an anti-competitive price resulting in the loss of sale of Plaintiff's
3  business.  [Id. ¶¶ 10-49.]
4        The Red Earth Travel Center is owned by the Selnak-is Tem-Al Corporation ("the
5  Selnak-is Corp."), which in turn is owned by the Torres-Martinez Band of Desert Cahuilla Indians
6  (the "Torres-Martinez tribe"). [Doc. No. 18, Declaration of Rodney Bonner ("Bonner Decl.") ¶ 3.]
7  The Torres-Martinez tribe is a federal recognized American Indian entity.  See Indian Entities
8  Recognized and Eligible to Receive Services From the United States Bureau of Indian Affairs, 75
9  Fed. Reg. 60,810, 60,813 (Oct. 1, 2010).  [Bonner Decl. ¶ 2.]  The Red Earth Travel Center is
10 located on tribal trust land, and the Torres-Martinez tribe sells fuel and convenience stores items at
11 the travel center to help support the tribal economy.  [Id. ¶¶ 3, 7.]
12       The Torres-Martinez tribe has delegated some management authority at the travel center,
13 regarding fuel only, to First American Petroleum.  [Id. ¶ 4; Doc. No. 20, Declaration of Robert
14 Ramsey ("Ramsey Decl.") ¶ 7.]  First American Petroleum supplies all the fuel sold at the Red
15 Earth Travel Center.  [Ramsey Decl. ¶ 7.]  First American Petroleum is owned and operated by
16 Robert Ramsey.  [Id. ¶ 3.]  Mr. Ramsey is an enrolled member of the Confederated Tribes and
17 Bands of the Yakama Nation ("the Yakama Nation"), and First American Petroleum is a
18 corporation formed and licensed under the laws of the Yakama Nation.  [Id. ¶¶ 2-3, Exs. A-B;
19 Doc. No. 1, Notice of Removal ¶¶ 10-11.]
20       On July 28, 2011, Plaintiff filed a complaint in Imperial county state court against
21 Defendants Robert Ramsey and First American Petroleum alleging causes of action for:  (1)
22 violation of California Business and Professions Code § 17043; (2) violation of California
23 Business and Professions Code § 17200; (3) declaratory relief; (4) injunctive relief; (5) common
24 law unfair competition; (6) intentional interference with prospective business advantage; (7)
25 negligent interference with prospective business advantage; and (8) civil conspiracy.  [Compl.]
26 Defendants removed the action to this Court on the basis of diversity jurisdiction.  [Notice of
27 Removal.]
28 ///

By the present motion, Plaintiff moves for a preliminary injunction enjoining:

> Defendants Robert Ramsey, First American Petroleum and Does 1-30, inclusive, and First American Petroleum's officers, directors, principals, agents, servants, employees, attorneys, successors and assigns, representatives and all persons acting in concert or participation with them from:
>
> (1) selling fuel at 3089 Norm Niver Road, Thermal California, in the County of Imperial ("Defendants' Fuel Station") at a price below First American Petroleum's cost(s);
>
> (2) selling fuel at Defendants' Fuel Station and failing to prepay, collect, and/or remit the taxes and/or fees required by the law to be prepaid, collected and/or remitted on the sale of said fuel; and
>
> (3) selling fuel at Defendants' Fuel Station which does not comply with the requirements for Reformulated Gasoline under California law.

[Doc. No. 21-7, Proposed Order.]

## DISCUSSION

**I.   Legal Standard for a Motion for Preliminary Injunction**

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 376 (2008). "[P]laintiffs seeking a preliminary injunction must establish that (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) a preliminary injunction is in the public interest." Sierra Forest Legacy v. Rey, 577 F.3d 1015, 1021 (9th Cir. 2009) (citing Winter, 129 S. Ct. at 374).

The grant or denial of a preliminary injunction is reviewed for abuse of discretion. Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). "[A] district court necessarily abuses its discretion when it bases its decision on an erroneous legal standard or on clearly erroneous findings of fact." Id. "Stated differently, [a]s long as the district court [gets] the law right, it will not be reversed simply because the appellate court would have arrived at a different result if it had applied the law to the facts of the case." Id. (internal quotation marks omitted).

///

///

///

**II.    Analysis**

      **A.    Federal Rule of Civil Procedure 19**

Defendants argue that Salton Sea's entire lawsuit cannot be maintained because the Torres-Martinez tribe is a necessary party to this action, and joinder of the tribe would not be feasible because it is protected by tribal sovereign immunity. [Doc. No. 17, Def.'s Opp'n at 6-7.] Plaintiff argues that Defendants have not met their burden of proving this defense. [Doc. No. 22, Pl.'s Reply at 5.]

            i.    Legal Standards

The framework for determining whether a party is necessary and indispensable is provided by Federal Rule of Civil Procedure 19. Am. Greyhound Racing, Inc. v. Hull, 305 F.3d 1015, 1022 (9th Cir. 2002). Federal Rule of Civil Procedure 19 provides in relevant part:

> (a) Persons Required to Be Joined if Feasible.
>
> > (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> >
> > > (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> > >
> > > (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> > >
> > > > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> > > >
> > > > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
>
> (b) When Joinder Is Not Feasible. If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:
>
> > (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> >
> > (2) the extent to which any prejudice could be lessened or avoided by:
> >
> > > (A) protective provisions in the judgment;
> > >
> > > (B) shaping the relief; or

      (C) other measures;

   (3) whether a judgment rendered in the person's absence would be adequate; and

   (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

In making a Rule 19 determination, a court engages in three successive inquiries. EEOC v. Peabody Western Coal Co., 610 F.3d 1070, 1078 (9th Cir. 2010). First, the court must determine whether a nonparty should be joined under Rule 19(a). Id. If so, the second inquiry is for the court to determine whether joinder would be feasible. Id. Third, if joinder is not feasible, the court must determine whether the action can proceed without the absentee party or whether the action must be dismissed. Id.

The absence of a necessary party may be raised at any stage in the proceedings and may be raised *sua sponte* by the court. CP Nat'l Corp. v. Bonneville Power Admin., 928 F.2d 905, 911-12 (9th Cir. 1991). The moving party has the burden of persuasion in arguing for dismissal under Rule 19. Makah Indian Tribe v. Verity, 910 F.2d 555, 558 (9th Cir. 1990). Because "the burdens at the preliminary injunction stage track the burdens at trial," the nonmoving party bears the burden to show a likelihood that its affirmative defense will succeed. Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal, 546 U.S. 418, 429 (2006); accord. Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d 1146, 1158 (9th Cir. 2007).

   ii.  Should the Torres-Martinez Tribe be joined?

Under Federal Rule of Civil Procedure 19(a)(1)(b)(i), an entity is a necessary party if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest." There is no precise formula for determining whether a particular nonparty should be joined under Rule 19(a). EEOC, 610 F.3d at 1081. The determination is heavily influenced by the facts and circumstances of each case. Id.

Plaintiff's complaint and the present motion seek injunctive relief enjoining Defendants and all persons acting in concert or participation with them from selling fuel at the Red Earth Travel Center at a price below cost, without paying certain fees and taxes, and without complying

1   with the requirements for reformulated gasoline under California law.  [See Compl. ¶¶ 67-72; Doc.
2   No. 1-6, Pl.'s Mot. at 3-5; Proposed Order.]  Therefore, the complaint and the injunction seek to
3   place restrictions on the sale of fuel at the Red Earth Travel Center, and the travel center is the
4   subject of this action.

5         The Red Earth Travel Center is owned by the Selnek-is Corp., which is owned by
6   Torres-Martinez tribe, on tribal trust land, and it helps support the tribe's economy.  [Bonner Decl.
7   ¶¶ 3, 7.]  Therefore, the Torres-Martinez tribe and the Selnek-is Corp. have a substantial interest in
8   the Red Earth Travel Center.  Because Plaintiff's action seeks to place restrictions on the
9   Torres-Martinez tribe and the Selnek-is Corp.'s ability to manage the travel center and sell fuel
10  there to support the tribal economy, the present action has the potential to impair or impede that
11  substantial interest.  In addition, because Defendants have been delegated only some management
12  authority over the travel center, their presence in this lawsuit might be insufficient to protect the
13  Torres-Martinez tribe and the Selnek-is Corp.'s substantial interest as the owners of the travel
14  center.

15        Plaintiff argues in response that it is only alleging that Defendant First American
16  Petroleum is in charge of fuel sales at the travel center.  [Doc. No. 22 at 5.]  Plaintiff further argues
17  that Defendants' contention that they do not own the travel center does not rebut Plaintiff's claims
18  of illegality.  [Id.]  However, both of these arguments miss the relevant inquiry under Rule 19(a).
19  Rule 19(a) is not concerned with whether the named defendants are properly implicated by the
20  complaint.  The relevant inquiry is whether plaintiff's complaint seeks relief that would impair or
21  impede a nonparty's ability to protect its interests in the present action.  FED R. CIV. P.
22  19(a)(1)(b)(i).  Defendants have shown that Plaintiff's action is focused on the sale of fuel at the
23  Red Earth Travel Center and would likely impair and impede the Torres-Martinez Tribe and the
24  Selnek-is Corp.'s substantial interest in the travel center.  Accordingly, the Torres-Martinez tribe
25  and the Selnek-is Corp. are likely necessary parties under Rule 19(a) and should be joined to this
26  action if feasible.
27  ///
28  ///

### iii. Is Joinder of the Torres-Martinez tribe feasible?

"Sovereign immunity limits a federal court's subject matter jurisdiction over actions brought against a sovereign. Similarly, tribal immunity precludes subject matter jurisdiction in an action against an Indian tribe." Alvarado v. Table Mountain Rancheria, 509 F.3d 1008, 1015-16 (9th Cir. 2007). Sovereign immunity can be raised by a party at any time during judicial proceedings or by the court *sua sponte*. Cook v. AVI Casino Enterprises, Inc., 548 F.3d 718, 725 (9th Cir. 2008).

This immunity "extends to suits for declaratory and injunctive relief," and "is not defeated by an allegation that [the tribe] acted beyond its powers." Imperial Granite Co. v. Pala Band of Mission Indians, 940 F.2d 1269, 1271 (9th Cir. 1991). "Tribal sovereign immunity is not dependent on a distinction between on-reservation and off-reservation conduct nor is it dependent upon a distinction between the governmental and commercial activities." Ingrassia v. Chicken Ranch Bingo and Casino, 676 F. Supp. 2d 953, 956-57 (E.D. Cal. 2009); accord. Kiowa Tribe v. Manufacturing Techs., 523 U.S. 751, 754-55 (1998). A tribe's sovereign immunity extends both to tribal governing bodies and to tribal business entities which act as an arm of the tribe. Allen v. Gold Country Casino, 464 F.3d 1044, 1046 (9th Cir. 2006).

"Tribal sovereign immunity protects Indian tribes from suit absent express authorization by Congress or clear waiver by the tribe." Cook, 548 F.3d at 725; accord. Kiowa Tribe, 523 U.S. at 754. "There is a strong presumption against waiver of tribal sovereign immunity." Demontiney v. U.S. ex rel. Dept. of Interior, Bureau of Indian Affairs, 255 F.3d 801, 811 (9th Cir. 2001). "Any waiver must be unequivocal and may not be implied." Kescoli v. Babbitt, 101 F.3d 1304, 1310 (9th Cir. 1996); accord. Santa Clara Pueblo v. Martinez, 436 U.S. 49, 58 (1978) ("It is settled that a waiver of sovereign immunity cannot be implied but must be unequivocally expressed."). "The plaintiff bears the burden of showing a waiver of tribal sovereign immunity." Ingrassia, 676 F. Supp. 2d at 956-57.

As a federal recognized American Indian tribe, the Torres-Martinez tribe is likely entitled to tribal sovereign immunity. In addition, the Selnak-is Corp. is also likely entitled to tribal sovereign immunity. The Selnak-is Corp. is owned by the Torres-Martinez tribe, and the

1 corporation owns the Red Earth Travel Center, which is on tribal trust land and supports tribal
2 economy. [Bonner Decl. ¶¶ 3, 7.] Therefore, the Selnak-is Corp. is likely a tribal business entity
3 which acts as an arm of the tribe. See Cook, 548 F.3d at 725; Allen, 464 F.3d at 1046-47.

4     Plaintiff has presented no evidence or argument showing that the Torres-Martinez tribe or
5 the Selnak-is Corp. has waived its sovereign immunity. Accordingly, the Court likely does not
6 have subject matter jurisdiction over claims against the Torres-Martinez tribe or the Selnak-is
7 Corp., and it would not be feasible to join them to this action.

8     iv.    Should the Court proceed without the Tribe or dismiss Plaintiff's claims?

9     Because joinder of the Torres-Martinez tribe or the Selnak-is Corp. would not be feasible,
10 the Court must determine whether "in equity and good conscience, the action should proceed
11 among the existing parties or should be dismissed." FED. R. CIV. P. 19(b). Rule 19(b) provides
12 four non-exclusive factors for the court to consider in making this determination. Philippines v.
13 Pimentel, 553 U.S. 851, 862 (2008). The four factors are: (1) prejudice to any party or to the
14 absent party; (2) whether relief can be shaped to lessen prejudice; (3) whether an adequate remedy,
15 even if not complete, can be awarded without the absent party; and (4) whether there exists an
16 alternative forum. FED. R. CIV. P. 19(b).

17     The Ninth Circuit has noted that "when the necessary party is immune from suit, there may
18 be 'very little need for balancing Rule 19(b) factors because immunity itself may be viewed as the
19 compelling factor.'" Quileute Indian Tribe v. Babbitt, 18 F.3d 1456, 1460 (9th Cir. 1994).
20 Nevertheless, a court should still apply Rule 19(b)'s four factors in determining whether to dismiss
21 the action. Id.

22     Plaintiff's action seeks to place restrictions on the sale of fuel at the Red Earth Travel
23 Center. [See Compl.] Therefore, the Torres-Martinez tribe and the Selnak-is Corp. would suffer
24 severe prejudice by not being parties to an action that challenges their ability to sell fuel at their
25 travel center and raise revenue to support the tribal economy. In addition, because the sale of fuel
26 at the Red Earth Travel Center is the focus of Plaintiff's action, no partial remedy can be fashioned
27 that would not implicate those interests or would eliminate the prejudice to those two non-parties.
28 Further, adequate relief could not be awarded without including the Torres-Martinez tribe and the

1  Selnak-is Corp. as part of the injunction because they own and control the travel center at issue.
2  Accordingly, the first three factors likely all favor dismissal of the action.

3  The only factor weighing in favor of maintaining the action is the lack of alternative forum
4  for Plaintiff. However, "the 'lack of an alternative forum does not automatically prevent dismissal
5  of a suit.'" Quileute Indian Tribe, 18 F.3d at 1460. Plaintiff's interest in litigation may be
6  outweighed by a tribe's interest in maintaining its sovereign immunity. Id. With regard to the
7  fourth factor, the Ninth Circuit has "regularly held that the tribal interest in immunity overcomes
8  the lack of an alternative remedy or forum for the plaintiffs." Am. Greyhound Racing, 305 F.3d at
9  1025. Therefore, this factor alone does not outweigh the first three factors. Accordingly,
10 Defendants have shown a likelihood of success on their defense that the Court should dismiss
11 Plaintiff's claims pursuant to Federal Rule of Civil Procedure 19(b).

12 **B.     The Likelihood of Success on Plaintiff's claims**

13 <u>1.      Below Cost Sales in Violation of California Business and Professions Code
14 § 17043</u>

15 Plaintiff claims that Defendants have sold fuel at the Red Earth Travel Center at a price
16 below their costs in violation of California Business and Professions Code § 17043. [Compl. ¶¶
17 10-15, 50-57; Pl.'s Mot. at 3-4.] Section 17043 provides that "[i]t is unlawful for any person
18 engaged in business within this State to sell any article or product at less than the cost thereof to
19 such vendor, or to give away any article or product, for the purpose of injuring competitors or
20 destroying competition." CAL. BUS. & PROF. CODE § 17043.

21 Plaintiff has not shown a likelihood of success on this claim because Plaintiff has provided
22 no evidence of what Defendants' "costs" actually are. Plaintiff only alleges what it pays for fuel
23 and refers to an unsubstantiated "wholesale market cost." [Compl. ¶¶ 10-15; Pl.'s Mot. at 3-4.]
24 Plaintiff has also provided no evidence that Defendants have acted with intent to destroy Plaintiff's
25 business, a required element of a claim under section 17043. See Bay Guardian Co. v. New Times
26 Media LLC, 187 Cal. App. 4th 438, 456 (2010) ("Section 17043 does not make all sales below
27 average total cost illegal *per se*. Instead, such sales must have been made for the purpose of
28 injuring competitors or destroying competition." (quotation marks omitted)). Plaintiff argues that

evidence of specific intent is unnecessary to pursue a claim under section 17200 because it is a strict liability statute. [Pl.'s Reply at 4-5.] However, even assuming this is true, Plaintiff must still prove all the elements of section 17043 before it can use section 17043 as a predicate offense under the "unlawful" prong of section 17200.

### 2. Failure to Pay Taxes and Fees on Fuel

Plaintiff claims that Defendants have failed to collect and/or pay taxes and fees on fuel sold at the Red Earth Travel Center and fuel they import from Nevada and sell at the travel center in violation of California Revenue and Taxation Code §§ 7340, 7341, 7332, 7311, 60013, 60009, 60035, and 60010. [Compl. ¶¶ 16-27; Pl.'s Mot. at 4-5.] Plaintiff further claims that this gives Defendants an unfair business advantage in violation of the "unlawful" prong of California's Unfair Competition Law ("UCL"), California Business and Profession Code § 17200.[1] [Compl. ¶¶ 58-62.]

With respect to fuel sold at the travel center, the Torres-Martinez tribe and the Selnak-Is Corp. as owners of the travel center have sovereign immunity from any claim for failure to pay and/or collect taxes and fees from its customers. See Kiowa Tribe, 523 U.S. at 755 (stating that "while [a state] may tax cigarette sales by a Tribe's store to nonmembers, the Tribe enjoys immunity from a suit to collect unpaid state taxes").

With respect to fuel imported into California, Defendants argue that they do not have to pay taxes and fees on fuel they import because First American Petroleum is a business licensed under the laws of the Yakama Nation and is protected by the Yakama Treaty of 1855. [Def.'s Opp'n at 11-13.] The treaty assures the Yakamas "the right, in common with citizens of the United States, to travel upon all public highways." Treaty with the Yakamas, Art. III, 12 Stat. 951,

---

[1] Defendants argue that the California Tax and Revenue Code and other state statutes relied on by Plaintiff do not provide for a private cause of action, and therefore, Plaintiff does not have standing to bring its UCL claims under the "unlawful" prong. [Def.'s Opp'n at 10-11, 13-14, 16.] However, this argument is without merit. "By proscribing 'any unlawful' business practice, 'section 17200 "borrows" violations of other laws and treats them as unlawful practices' that the unfair competition law makes independently actionable." Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co., 20 Cal. 4th 163, 180 (1999). A private plaintiff "may bring a UCL action even when 'the conduct alleged to constitute unfair competition violates a statute for the direct enforcement of which there is no private right of action.'" Kasky v. Nike, Inc., 27 Cal. 4th 939, 950 (2002).

1   953 (1855). The Ninth Circuit has held that this clause "must be interpreted to guarantee the
2   Yakamas the right to transport goods to market over public highways without payment of fees for
3   that use." Cree v. Flores, 157 F.3d 762, 769 (9th Cir. 1998); accord. United States v. Smiskin, 487
4   F.3d 1260, 1265 (9th Cir. 2007). Therefore, Defendants likely can import fuel over public
5   highways without the payment of state taxes or fees.
6         In response to this argument, Plaintiff relies on a March 9, 2011 tax opinion issued by the
7   California Board of Equalization ("BOE") ("the tax opinion"). [Pl.'s Mot. at 5, Ex. 2.] The tax
8   opinion attempts to distinguish Cree and Smiskin by arguing that the fees in Cree were applied to
9   the trucks transporting the goods not the goods themselves, and the restrictions in Smiskin were
10  applied to the transportation of the goods not the goods themselves. [Id. Ex. 2 at 8.] However, the
11  Court does not find any meaningful distinction between the present case and Smiskin. In Smiskin,
12  the Ninth Circuit held that the Yakama treaty's clause prevented the state of Washington from
13  placing restrictions on the Yakama's transportation of cigarettes. See Smiskin, 487 F.3d at 1265-
14  69. The tax opinion states that tax liability is imposed when Defendants import fuel into
15  California. [Pl.'s Mot. Ex. 2 at 5.] Therefore, the state tax constitutes a restriction on the
16  Yakama's transportation of fuel into California and violates the Yakama's rights under the Treaty
17  of 1855. See Smiskin, 487 F.3d at 1266 ("Applying either type of requirement to the Yakamas
18  imposes a condition on travel that violates their treaty right to transport goods to market without
19  restriction.").
20        3.    Selling Fuel that Does not Meet California RFG Standards
21        Plaintiff claims that Defendants have sold fuel that does not meet the California legal
22  minimum oxygen content required for reformulated gas ("RFG"), which is 5%. [Compl. ¶¶ 28-39;
23  Pl.'s Mot. at 5.] Plaintiff further claims that this gives Defendants an unfair business advantage in
24  violation of the "unlawful" prong of the UCL. [Compl. ¶¶ 58-62.] However, Plaintiff provides no
25  statutory support for its claim that California law requires a minimum oxygen content of 5%.
26  Accordingly, Plaintiff has not provided a predicate law that Defendants have violated that forms
27  the basis of their UCL claim, and Plaintiff has not shown a likelihood of success on this claim.
28  ///

#### 4. Failure to Register to Do Business in the State of California

Plaintiff claims that Defendant First American Petroleum is not registered to do business with the California Secretary of State in violation of California Corporations Code §§ 2105, 15909.02, 16959, and 17451. [Compl. ¶¶ 16-27.] Plaintiff further claims that this gives Defendants an unfair business advantage in violation of the "unlawful" prong of the UCL. [Id. ¶¶ 58-62.]

Plaintiff has not shown a likelihood of success on the merits of this claim. The state statutes relied on by Plaintiff all relate to foreign corporations that conduct "intrastate business." See CAL. CORP. CODE §§ 2105, 15909.02, 16959, 17451. "Intrastate business" is defined as "entering into repeated and successive transactions of its business in this state, other than interstate or foreign commerce." Id. § 191(a).

The Red Earth Travel Center is on federally recognized tribal trust land. Tribal trust land is treated the same as reservation territory. Kiowa Tribe, 523 U.S. at 763. "Tribes are, foremost sovereign nations." Table Mt. Rancheria, 292 F.3d at 1096; see also Oklahoma Tax Comm'n v. Citizen Band Potawatomi Indian Tribe, 498 U.S. 505, 509 (1991) ("Indian tribes are 'domestic dependent nations' that exercise inherent sovereign authority over their members and territories."). Therefore, Defendants are likely not engaging in "intrastate business" when they sell fuel on tribal trust land, and the sections of the California Corporations Code do not apply to Defendants' activities.

### C. Other Injunction Factors

In support of its claim that it will suffer irreparable harm, Plaintiff alleges that it will suffer damage to its competitive position due to its inability to compete with Defendants' lower fuel prices. [Pl.'s Mot. at 8-9; Doc. No. 1-7, Declaration of Dennis C. Rieger ("Rieger Decl.") ¶¶ 37-42.] Damage to a business' competitive position constitutes irreparable harm. See Apple Computer, Inc. v. Formula International, Inc., 725 F.2d 521, 525-26 (9th Cir. 1984). Defendants argue that this claim of irreparable harm is too speculative. [Def.'s Opp'n at 17.] Plaintiff has produced evidence stating that Defendants' sale of fuel at lower prices has already resulted in economic damages to Plaintiff's business and damage to its competitive position with respect to

1  the Red Earth Travel Center, which is only six miles away. [Rieger Decl. ¶¶ 37-42.] Therefore,
2  the alleged future harm is not too speculative.
3        The balance of the hardships appears to be equal. If an injunction is issued, the Torres-
4  Martinez tribe will be harmed by not being able to make a profit selling fuel at its preferred prices
5  to help support its tribal economy. An injunction, would also hurt Defendants' business by
6  restricting their business relationship with the Torres-Martinez tribe. Similarly, if an injunction is
7  not issued, Plaintiff's business will be harmed by its inability to compete with the lower fuel prices
8  at the Red Earth Travel Center.
9        Although the public has an interest in requiring businesses to follow the law, there is also a
10 public interest in respecting tribal sovereignty. See Alturas Indian Rancheria v. Cal. Gambling
11 Control Com'n., 2011 U.S. Dist. LEXIS 88512, at *8 (E.D. Cal. Aug. 10, 2011). A plaintiff's
12 interest in "'litigating a claim may be outweighed by a tribe's interest in maintaining its sovereign
13 immunity,'" and "'society has consciously opted to shield Indian tribes from suit without
14 congressional or tribal consent.'" Quileute Tribe, 18 F.3d at 1460-61.

## CONCLUSION

16       In sum, Defendants have shown a likelihood of success of their Rule 19 defense, and
17 Plaintiff has not shown a likelihood of success on the merits of its claims. Further, irreparable
18 harm is the only factor that supports granting the preliminary injunction. In light of the other three
19 factors, in particular likelihood of success on the merits, the Court **DENIES** Plaintiff's motion for
20 a preliminary injunction.

21     **IT IS SO ORDERED.**
22 **DATED:** October 18, 2011

                                           *Irma E. Gonzalez*
23                               **IRMA E. GONZALEZ, Chief Judge**
                              **United States District Court**