1
2
3
4
5
6
7        **UNITED STATES DISTRICT COURT**
8       **SOUTHERN DISTRICT OF CALIFORNIA**
9
10   SALTON SEA VENTURE, INC., a            CASE NO. 11cv1968 - IEG (WMC)
      California corporation,
11                                          **ORDER DENYING MOTION FOR**
                                Plaintiff,  **PRELIMINARY INJUNCTION**
12
                                            [Doc. No. 1-6]
13          vs.

14   ROBERT RAMSEY, an individual; FIRST
      AMERICAN PETROLEUM, an unknown
15   business entity; and DOES 1 through 30,
      inclusive,
16
                                Defendants.
17

18       Presently before the Court is Plaintiff Salton Sea Venture, Inc. ("SSV")'s motion for a

19   preliminary injunction.  [Doc. No. 1-6.]  For the reasons below, the Court **DENIES** Plaintiff's

20   motion for a preliminary injunction.

21                                **BACKGROUND**

22       Plaintiff Salton Sea Venture, Inc. is the owner and operator of a fuel station and

23   convenience stores known as the "ARCO Travel Center" located in Salton City, California.  [Doc.

24   No. 1-3, Compl. ¶¶ 1, 6-7.]  Plaintiff's travel center is located six miles from the "Red Earth

25   Travel Center."  [Id. ¶ 8.]  Plaintiff alleges that the Defendants Robert Ramsey and First American

26   Petroleum through their actions at the Red Earth Travel Center have violated state law by (1)

27   selling fuel at a price below its cost; (2) failing to charge patrons taxes; (3) selling fuel that does

28   not meet California's minimum standards for reformulated gas; (4) failing to register with the

1  Secretary of State; (5) selling fuel at an anti-competitive price in order to put Plaintiff out of

2  business; and (6) selling fuel at an anti-competitive price resulting in the loss of sale of Plaintiff's

3  business.  [Id. ¶¶ 10-49.]

4       The Red Earth Travel Center is owned by the Selnak-is Tem-Al Corporation ("the

5  Selnak-is Corp."), which in turn is owned by the Torres-Martinez Band of Desert Cahuilla Indians

6  (the "Torres-Martinez tribe").  [Doc. No. 18, Declaration of Rodney Bonner ("Bonner Decl.") ¶ 3.]

7  The Torres-Martinez tribe is a federal recognized American Indian entity.  See Indian Entities

8  Recognized and Eligible to Receive Services From the United States Bureau of Indian Affairs, 75

9  Fed. Reg. 60,810, 60,813 (Oct. 1, 2010).  [Bonner Decl. ¶ 2.]  The Red Earth Travel Center is

10 located on tribal trust land, and the Torres-Martinez tribe sells fuel and convenience stores items at

11 the travel center to help support the tribal economy.  [Id. ¶¶ 3, 7.]

12      The Torres-Martinez tribe has delegated some management authority at the travel center,

13 regarding fuel only, to First American Petroleum.  [Id. ¶ 4; Doc. No. 20, Declaration of Robert

14 Ramsey ("Ramsey Decl.") ¶ 7.]  First American Petroleum supplies all the fuel sold at the Red

15 Earth Travel Center.  [Ramsey Decl. ¶ 7.]  First American Petroleum is owned and operated by

16 Robert Ramsey.  [Id. ¶ 3.]  Mr. Ramsey is an enrolled member of the Confederated Tribes and

17 Bands of the Yakama Nation ("the Yakama Nation"), and First American Petroleum is a

18 corporation formed and licensed under the laws of the Yakama Nation.  [Id. ¶¶ 2-3, Exs. A-B;

19 Doc. No. 1, Notice of Removal ¶¶ 10-11.]

20      On July 28, 2011, Plaintiff filed a complaint in Imperial county state court against

21 Defendants Robert Ramsey and First American Petroleum alleging causes of action for:  (1)

22 violation of California Business and Professions Code § 17043; (2) violation of California

23 Business and Professions Code § 17200; (3) declaratory relief; (4) injunctive relief; (5) common

24 law unfair competition; (6) intentional interference with prospective business advantage; (7)

25 negligent interference with prospective business advantage; and (8) civil conspiracy.  [Compl.]

26 Defendants removed the action to this Court on the basis of diversity jurisdiction.  [Notice of

27 Removal.]

28 ///

1    By the present motion, Plaintiff moves for a preliminary injunction enjoining:

2    Defendants Robert Ramsey, First American Petroleum and Does 1-30, inclusive,
     and First American Petroleum's officers, directors, principals, agents, servants,
3    employees, attorneys, successors and assigns, representatives and all persons acting
     in concert or participation with them from:
4
5    (1) selling fuel at 3089 Norm Niver Road, Thermal California, in the County of
     Imperial ("Defendants' Fuel Station") at a price below First American Petroleum's
6    cost(s);

7    (2) selling fuel at Defendants' Fuel Station and failing to prepay, collect, and/or
     remit the taxes and/or fees required by the law to be prepaid, collected and/or
8    remitted on the sale of said fuel; and

9    (3) selling fuel at Defendants' Fuel Station which does not comply with the
     requirements for Reformulated Gasoline under California law.

10   [Doc. No. 21-7, Proposed Order.]

11                                    **DISCUSSION**

12   **I.      Legal Standard for a Motion for Preliminary Injunction**

13           "A preliminary injunction is an extraordinary remedy never awarded as of right." Winter

14   v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 376 (2008). "[P]laintiffs seeking a

15   preliminary injunction must establish that (1) they are likely to succeed on the merits; (2) they are

16   likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips

17   in their favor; and (4) a preliminary injunction is in the public interest." Sierra Forest Legacy v.

18   Rey, 577 F.3d 1015, 1021 (9th Cir. 2009) (citing Winter, 129 S. Ct. at 374).

19           The grant or denial of a preliminary injunction is reviewed for abuse of discretion. Am.

20   Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). "[A] district

21   court necessarily abuses its discretion when it bases its decision on an erroneous legal standard or

22   on clearly erroneous findings of fact." Id. "Stated differently, [a]s long as the district court [gets]

23   the law right, it will not be reversed simply because the appellate court would have arrived at a

24   different result if it had applied the law to the facts of the case." Id. (internal quotation marks

25   omitted).

26   ///

27   ///

28   ///

**II.      Analysis**

      **A.      Federal Rule of Civil Procedure 19**

      Defendants argue that Salton Sea's entire lawsuit cannot be maintained because the Torres-Martinez tribe is a necessary party to this action, and joinder of the tribe would not be feasible because it is protected by tribal sovereign immunity.  [Doc. No. 17, Def.'s Opp'n at 6-7.] Plaintiff argues that Defendants have not met their burden of proving this defense.  [Doc. No. 22, Pl.'s Reply at 5.]

           i.      Legal Standards

      The framework for determining whether a party is necessary and indispensable is provided by Federal Rule of Civil Procedure 19.  Am. Greyhound Racing, Inc. v. Hull, 305 F.3d 1015, 1022 (9th Cir. 2002).  Federal Rule of Civil Procedure 19 provides in relevant part:

    (a) Persons Required to Be Joined if Feasible.

        (1) Required Party.  A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

            (A) in that person's absence, the court cannot accord complete relief among existing parties; or

            (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

                (i) as a practical matter impair or impede the person's ability to protect the interest; or

                (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

    (b) When Joinder Is Not Feasible.  If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed.  The factors for the court to consider include:

        (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

        (2) the extent to which any prejudice could be lessened or avoided by:

            (A) protective provisions in the judgment;

            (B) shaping the relief; or

(C) other measures;

(3) whether a judgment rendered in the person's absence would be adequate; and

(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

In making a Rule 19 determination, a court engages in three successive inquiries.  EEOC v. Peabody Western Coal Co., 610 F.3d 1070, 1078 (9th Cir. 2010).  First, the court must determine whether a nonparty should be joined under Rule 19(a).  Id.  If so, the second inquiry is for the court to determine whether joinder would be feasible.  Id.  Third, if joinder is not feasible, the court must determine whether the action can proceed without the absentee party or whether the action must be dismissed.  Id.

The absence of a necessary party may be raised at any stage in the proceedings and may be raised *sua sponte* by the court.  CP Nat'l Corp. v. Bonneville Power Admin., 928 F.2d 905, 911-12 (9th Cir. 1991).  The moving party has the burden of persuasion in arguing for dismissal under Rule 19.  Makah Indian Tribe v. Verity, 910 F.2d 555, 558 (9th Cir. 1990).  Because "the burdens at the preliminary injunction stage track the burdens at trial," the nonmoving party bears the burden to show a likelihood that its affirmative defense will succeed.  Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal, 546 U.S. 418, 429 (2006); accord. Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d 1146, 1158 (9th Cir. 2007).

ii.      Should the Torres-Martinez Tribe be joined?

Under Federal Rule of Civil Procedure 19(a)(1)(b)(i), an entity is a necessary party if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest."  There is no precise formula for determining whether a particular nonparty should be joined under Rule 19(a).  EEOC, 610 F.3d at 1081.  The determination is heavily influenced by the facts and circumstances of each case.  Id.

Plaintiff's complaint and the present motion seek injunctive relief enjoining Defendants and all persons acting in concert or participation with them from selling fuel at the Red Earth Travel Center at a price below cost, without paying certain fees and taxes, and without complying

with the requirements for reformulated gasoline under California law.  [See Compl. ¶¶ 67-72; Doc. No. 1-6, Pl.'s Mot. at 3-5; Proposed Order.]  Therefore, the complaint and the injunction seek to place restrictions on the sale of fuel at the Red Earth Travel Center, and the travel center is the subject of this action.

The Red Earth Travel Center is owned by the Selnek-is Corp., which is owned by Torres-Martinez tribe, on tribal trust land, and it helps support the tribe's economy.  [Bonner Decl. ¶¶ 3, 7.]  Therefore, the Torres-Martinez tribe and the Selnek-is Corp. have a substantial interest in the Red Earth Travel Center.  Because Plaintiff's action seeks to place restrictions on the Torres-Martinez tribe and the Selnek-is Corp.'s ability to manage the travel center and sell fuel there to support the tribal economy, the present action has the potential to impair or impede that substantial interest.  In addition, because Defendants have been delegated only some management authority over the travel center, their presence in this lawsuit might be insufficient to protect the Torres-Martinez tribe and the Selnek-is Corp.'s substantial interest as the owners of the travel center.

Plaintiff argues in response that it is only alleging that Defendant First American Petroleum is in charge of fuel sales at the travel center.  [Doc. No. 22 at 5.]  Plaintiff further argues that Defendants' contention that they do not own the travel center does not rebut Plaintiff's claims of illegality.  [Id.]  However, both of these arguments miss the relevant inquiry under Rule 19(a).  Rule 19(a) is not concerned with whether the named defendants are properly implicated by the complaint.  The relevant inquiry is whether plaintiff's complaint seeks relief that would impair or impede a nonparty's ability to protect its interests in the present action.  FED R. CIV. P. 19(a)(1)(b)(i).  Defendants have shown that Plaintiff's action is focused on the sale of fuel at the Red Earth Travel Center and would likely impair and impede the Torres-Martinez Tribe and the Selnek-is Corp.'s substantial interest in the travel center.  Accordingly, the Torres-Martinez tribe and the Selnek-is Corp. are likely necessary parties under Rule 19(a) and should be joined to this action if feasible.

///

///

1             iii.      Is Joinder of the Torres-Martinez tribe feasible?

2          "Sovereign immunity limits a federal court's subject matter jurisdiction over actions

3    brought against a sovereign.  Similarly, tribal immunity precludes subject matter jurisdiction in an

4    action against an Indian tribe."  Alvarado v. Table Mountain Rancheria, 509 F.3d 1008, 1015-16

5    (9th Cir. 2007).  Sovereign immunity can be raised by a party at any time during judicial

6    proceedings or by the court *sua sponte*.  Cook v. AVI Casino Enterprises, Inc., 548 F.3d 718, 725

7    (9th Cir. 2008).

8          This immunity "extends to suits for declaratory and injunctive relief," and "is not defeated

9    by an allegation that [the tribe] acted beyond its powers."  Imperial Granite Co. v. Pala Band of

10   Mission Indians, 940 F.2d 1269, 1271 (9th Cir. 1991).  "Tribal sovereign immunity is not

11   dependent on a distinction between on-reservation and off-reservation conduct nor is it dependent

12   upon a distinction between the governmental and commercial activities."  Ingrassia v. Chicken

13   Ranch Bingo and Casino, 676 F. Supp. 2d 953, 956-57 (E.D. Cal. 2009); accord. Kiowa Tribe v.

14   Manufacturing Techs., 523 U.S. 751, 754-55 (1998).  A tribe's sovereign immunity extends both

15   to tribal governing bodies and to tribal business entities which act as an arm of the tribe.  Allen v.

16   Gold Country Casino, 464 F.3d 1044, 1046 (9th Cir. 2006).

17         "Tribal sovereign immunity protects Indian tribes from suit absent express authorization by

18   Congress or clear waiver by the tribe."  Cook, 548 F.3d at 725; accord. Kiowa Tribe, 523 U.S. at

19   754.  "There is a strong presumption against waiver of tribal sovereign immunity."  Demontiney v.

20   U.S. ex rel. Dept. of Interior, Bureau of Indian Affairs, 255 F.3d 801, 811 (9th Cir. 2001).  "Any

21   waiver must be unequivocal and may not be implied."  Kescoli v. Babbitt, 101 F.3d 1304, 1310

22   (9th Cir. 1996); accord. Santa Clara Pueblo v. Martinez, 436 U.S. 49, 58 (1978) ("It is settled that

23   a waiver of sovereign immunity cannot be implied but must be unequivocally expressed.").  "The

24   plaintiff bears the burden of showing a waiver of tribal sovereign immunity."  Ingrassia, 676 F.

25   Supp. 2d at 956-57.

26         As a federal recognized American Indian tribe, the Torres-Martinez tribe is likely entitled

27   to tribal sovereign immunity.  In addition, the Selnak-is Corp. is also likely entitled to tribal

28   sovereign immunity.  The Selnak-is Corp. is owned by the Torres-Martinez tribe, and the

1    corporation owns the Red Earth Travel Center, which is on tribal trust land and supports tribal

2    economy.  [Bonner Decl. ¶¶ 3, 7.]  Therefore, the Selnak-is Corp. is likely a tribal business entity

3    which acts as an arm of the tribe.  See Cook, 548 F.3d at 725; Allen, 464 F.3d at 1046-47.

4        Plaintiff has presented no evidence or argument showing that the Torres-Martinez tribe or

5    the Selnak-is Corp. has waived its sovereign immunity.  Accordingly, the Court likely does not

6    have subject matter jurisdiction over claims against the Torres-Martinez tribe or the Selnak-is

7    Corp., and it would not be feasible to join them to this action.

8            iv.      Should the Court proceed without the Tribe or dismiss Plaintiff's claims?

9        Because joinder of the Torres-Martinez tribe or the Selnak-is Corp. would not be feasible,

10   the Court must determine whether "in equity and good conscience, the action should proceed

11   among the existing parties or should be dismissed."  FED. R. CIV. P. 19(b).  Rule 19(b) provides

12   four non-exclusive factors for the court to consider in making this determination.  Philippines v.

13   Pimentel, 553 U.S. 851, 862 (2008).  The four factors are: (1) prejudice to any party or to the

14   absent party; (2) whether relief can be shaped to lessen prejudice; (3) whether an adequate remedy,

15   even if not complete, can be awarded without the absent party; and (4) whether there exists an

16   alternative forum.  FED. R. CIV. P. 19(b).

17       The Ninth Circuit has noted that "when the necessary party is immune from suit, there may

18   be 'very little need for balancing Rule 19(b) factors because immunity itself may be viewed as the

19   compelling factor.'"  Quileute Indian Tribe v. Babbitt, 18 F.3d 1456, 1460 (9th Cir. 1994).

20   Nevertheless, a court should still apply Rule 19(b)'s four factors in determining whether to dismiss

21   the action.  Id.

22       Plaintiff's action seeks to place restrictions on the sale of fuel at the Red Earth Travel

23   Center.  [See Compl.]  Therefore, the Torres-Martinez tribe and the Selnak-is Corp. would suffer

24   severe prejudice by not being parties to an action that challenges their ability to sell fuel at their

25   travel center and raise revenue to support the tribal economy.  In addition, because the sale of fuel

26   at the Red Earth Travel Center is the focus of Plaintiff's action, no partial remedy can be fashioned

27   that would not implicate those interests or would eliminate the prejudice to those two non-parties.

28   Further, adequate relief could not be awarded without including the Torres-Martinez tribe and the

Selnak-is Corp. as part of the injunction because they own and control the travel center at issue.

Accordingly, the first three factors likely all favor dismissal of the action.

The only factor weighing in favor of maintaining the action is the lack of alternative forum for Plaintiff. However, "the 'lack of an alternative forum does not automatically prevent dismissal of a suit.'" Quileute Indian Tribe, 18 F.3d at 1460. Plaintiff's interest in litigation may be outweighed by a tribe's interest in maintaining its sovereign immunity. Id. With regard to the fourth factor, the Ninth Circuit has "regularly held that the tribal interest in immunity overcomes the lack of an alternative remedy or forum for the plaintiffs." Am. Greyhound Racing, 305 F.3d at 1025. Therefore, this factor alone does not outweigh the first three factors. Accordingly, Defendants have shown a likelihood of success on their defense that the Court should dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 19(b).

**B.     The Likelihood of Success on Plaintiff's claims**

1.     Below Cost Sales in Violation of California Business and Professions Code § 17043

Plaintiff claims that Defendants have sold fuel at the Red Earth Travel Center at a price below their costs in violation of California Business and Professions Code § 17043. [Compl. ¶¶ 10-15, 50-57; Pl.'s Mot. at 3-4.] Section 17043 provides that "[i]t is unlawful for any person engaged in business within this State to sell any article or product at less than the cost thereof to such vendor, or to give away any article or product, for the purpose of injuring competitors or destroying competition." CAL. BUS. & PROF. CODE § 17043.

Plaintiff has not shown a likelihood of success on this claim because Plaintiff has provided no evidence of what Defendants' "costs" actually are. Plaintiff only alleges what it pays for fuel and refers to an unsubstantiated "wholesale market cost." [Compl. ¶¶ 10-15; Pl.'s Mot. at 3-4.] Plaintiff has also provided no evidence that Defendants have acted with intent to destroy Plaintiff's business, a required element of a claim under section 17043. See Bay Guardian Co. v. New Times Media LLC, 187 Cal. App. 4th 438, 456 (2010) ("Section 17043 does not make all sales below average total cost illegal per se. Instead, such sales must have been made for the purpose of injuring competitors or destroying competition." (quotation marks omitted)). Plaintiff argues that

1  evidence of specific intent is unnecessary to pursue a claim under section 17200 because it is a

2  strict liability statute.  [Pl.'s Reply at 4-5.]  However, even assuming this is true, Plaintiff must still

3  prove all the elements of section 17043 before it can use section 17043 as a predicate offense

4  under the "unlawful" prong of section 17200.

5          2.        <u>Failure to Pay Taxes and Fees on Fuel</u>

6        Plaintiff claims that Defendants have failed to collect and/or pay taxes and fees on fuel sold

7  at the Red Earth Travel Center and fuel they import from Nevada and sell at the travel center in

8  violation of California Revenue and Taxation Code §§ 7340, 7341, 7332, 7311, 60013, 60009,

9  60035, and 60010.  [<u>Compl.</u> ¶¶ 16-27; <u>Pl.'s Mot.</u> at 4-5.]  Plaintiff further claims that this gives

10 Defendants an unfair business advantage in violation of the "unlawful" prong of California's

11 Unfair Competition Law ("UCL"), California Business and Profession Code § 17200.[1]  [<u>Compl.</u> ¶¶

12 58-62.]

13       With respect to fuel sold at the travel center, the Torres-Martinez tribe and the Selnak-Is

14 Corp. as owners of the travel center have sovereign immunity from any claim for failure to pay

15 and/or collect taxes and fees from its customers.  <u>See</u> <u>Kiowa Tribe</u>, 523 U.S. at 755 (stating that

16 "while [a state] may tax cigarette sales by a Tribe's store to nonmembers, the Tribe enjoys

17 immunity from a suit to collect unpaid state taxes").

18       With respect to fuel imported into California, Defendants argue that they do not have to

19 pay taxes and fees on fuel they import because First American Petroleum is a business licensed

20 under the laws of the Yakama Nation and is protected by the Yakama Treaty of 1855.  [<u>Def.'s</u>

21 <u>Opp'n</u> at 11-13.]  The treaty assures the Yakamas "the right, in common with citizens of the

22 United States, to travel upon all public highways."  Treaty with the Yakamas, Art. III, 12 Stat. 951,

23 _____

24     [1] Defendants argue that the California Tax and Revenue Code and other state statutes relied on by Plaintiff do not provide for a private cause of action, and therefore, Plaintiff does not have standing to bring its UCL claims under the "unlawful" prong.  [<u>Def.'s Opp'n</u> at 10-11, 13-14, 16.]

25 However, this argument is without merit.  "By proscribing 'any unlawful' business practice, 'section 17200 "borrows" violations of other laws and treats them as unlawful practices' that the unfair

26 competition law makes independently actionable."  <u>Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.</u>, 20 Cal. 4th 163, 180 (1999).  A private plaintiff "may bring a UCL action

27 even when 'the conduct alleged to constitute unfair competition violates a statute for the direct enforcement of which there is no private right of action.'"  <u>Kasky v. Nike, Inc.</u>, 27 Cal. 4th 939, 950

28 (2002).

953 (1855).  The Ninth Circuit has held that this clause "must be interpreted to guarantee the Yakamas the right to transport goods to market over public highways without payment of fees for that use."  Cree v. Flores, 157 F.3d 762, 769 (9th Cir. 1998); accord. United States v. Smiskin, 487 F.3d 1260, 1265 (9th Cir. 2007).  Therefore, Defendants likely can import fuel over public highways without the payment of state taxes or fees.

In response to this argument, Plaintiff relies on a March 9, 2011 tax opinion issued by the California Board of Equalization ("BOE") ("the tax opinion").  [Pl.'s Mot. at 5, Ex. 2.]  The tax opinion attempts to distinguish Cree and Smiskin by arguing that the fees in Cree were applied to the trucks transporting the goods not the goods themselves, and the restrictions in Smiskin were applied to the transportation of the goods not the goods themselves.  [Id. Ex. 2 at 8.]  However, the Court does not find any meaningful distinction between the present case and Smiskin.  In Smiskin, the Ninth Circuit held that the Yakama treaty's clause prevented the state of Washington from placing restrictions on the Yakama's transportation of cigarettes.  See Smiskin, 487 F.3d at 1265-69.  The tax opinion states that tax liability is imposed when Defendants import fuel into California.  [Pl.'s Mot. Ex. 2 at 5.]  Therefore, the state tax constitutes a restriction on the Yakama's transportation of fuel into California and violates the Yakama's rights under the Treaty of 1855.  See Smiskin, 487 F.3d at 1266 ("Applying either type of requirement to the Yakamas imposes a condition on travel that violates their treaty right to transport goods to market without restriction.").

### 3.   Selling Fuel that Does not Meet California RFG Standards

Plaintiff claims that Defendants have sold fuel that does not meet the California legal minimum oxygen content required for reformulated gas ("RFG"), which is 5%.  [Compl. ¶¶ 28-39; Pl.'s Mot. at 5.]  Plaintiff further claims that this gives Defendants an unfair business advantage in violation of the "unlawful" prong of the UCL.  [Compl. ¶¶ 58-62.]  However, Plaintiff provides no statutory support for its claim that California law requires a minimum oxygen content of 5%.  Accordingly, Plaintiff has not provided a predicate law that Defendants have violated that forms the basis of their UCL claim, and Plaintiff has not shown a likelihood of success on this claim.  ///

1
4.      Failure to Register to Do Business in the State of California

2
Plaintiff claims that Defendant First American Petroleum is not registered to do business

3
with the California Secretary of State in violation of California Corporations Code §§ 2105,

4
15909.02, 16959, and 17451.  [Compl. ¶¶ 16-27.]  Plaintiff further claims that this gives

5
Defendants an unfair business advantage in violation of the "unlawful" prong of the UCL.  [Id. ¶¶

6
58-62.]

7
Plaintiff has not shown a likelihood of success on the merits of this claim.  The state

8
statutes relied on by Plaintiff all relate to foreign corporations that conduct "intrastate business."

9
See CAL. CORP. CODE §§ 2105, 15909.02, 16959, 17451.  "Intrastate business" is defined as

10
"entering into repeated and successive transactions of its business in this state, other than interstate

11
or foreign commerce."  Id. § 191(a).

12
The Red Earth Travel Center is on federally recognized tribal trust land.  Tribal trust land

13
is treated the same as reservation territory.  Kiowa Tribe, 523 U.S. at 763.  "Tribes are, foremost

14
sovereign nations."  Table Mt. Rancheria, 292 F.3d at 1096; see also Oklahoma Tax Comm'n v.

15
Citizen Band Potawatomi Indian Tribe, 498 U.S. 505, 509 (1991) ("Indian tribes are 'domestic

16
dependent nations' that exercise inherent sovereign authority over their members and territories.").

17
Therefore, Defendants are likely not engaging in "intrastate business" when they sell fuel on tribal

18
trust land, and the sections of the California Corporations Code do not apply to Defendants'

19
activities.

20
**C.      Other Injunction Factors**

21
In support of its claim that it will suffer irreparable harm, Plaintiff alleges that it will suffer

22
damage to its competitive position due to its inability to compete with Defendants' lower fuel

23
prices.  [Pl.'s Mot. at 8-9; Doc. No. 1-7, Declaration of Dennis C. Rieger ("Rieger Decl.") ¶¶

24
37-42.]  Damage to a business' competitive position constitutes irreparable harm.  See Apple

25
Computer, Inc. v. Formula International, Inc., 725 F.2d 521, 525-26 (9th Cir. 1984).  Defendants

26
argue that this claim of irreparable harm is too speculative.  [Def.'s Opp'n at 17.]  Plaintiff has

27
produced evidence stating that Defendants' sale of fuel at lower prices has already resulted in

28
economic damages to Plaintiff's business and damage to its competitive position with respect to

1    the Red Earth Travel Center, which is only six miles away.  [Rieger Decl. ¶¶ 37-42.]  Therefore,

2    the alleged future harm is not too speculative.

3        The balance of the hardships appears to be equal.  If an injunction is issued, the Torres-

4    Martinez tribe will be harmed by not being able to make a profit selling fuel at its preferred prices

5    to help support its tribal economy.  An injunction, would also hurt Defendants' business by

6    restricting their business relationship with the Torres-Martinez tribe.  Similarly, if an injunction is

7    not issued, Plaintiff's business will be harmed by its inability to compete with the lower fuel prices

8    at the Red Earth Travel Center.

9        Although the public has an interest in requiring businesses to follow the law, there is also a

10   public interest in respecting tribal sovereignty.  See Alturas Indian Rancheria v. Cal. Gambling

11   Control Com'n., 2011 U.S. Dist. LEXIS 88512, at *8 (E.D. Cal. Aug. 10, 2011).  A plaintiff's

12   interest in "'litigating a claim may be outweighed by a tribe's interest in maintaining its sovereign

13   immunity,'" and "'society has consciously opted to shield Indian tribes from suit without

14   congressional or tribal consent.'"  Quileute Tribe, 18 F.3d at 1460-61.

15                                    **CONCLUSION**

16       In sum, Defendants have shown a likelihood of success of their Rule 19 defense, and

17   Plaintiff has not shown a likelihood of success on the merits of its claims.  Further, irreparable

18   harm is the only factor that supports granting the preliminary injunction.  In light of the other three

19   factors, in particular likelihood of success on the merits, the Court **DENIES** Plaintiff's motion for

20   a preliminary injunction.

21       **IT IS SO ORDERED.**

22   **DATED:**  October 18, 2011

23                                    IRMA E. GONZALEZ, Chief Judge
                                     United States District Court

24

25

26

27

28

- 13 -